Defendant Steven Steckman appeals the judgment of the Lorain County Common Pleas Court adjudicating him a sexual predator. Defendant avers that R.C. Chapter 2950 is unconstitutional, that there was insufficient evidence to support the trial court's finding by clear and convincing evidence that Defendant was a sexual predator, and that the trial court erred by determining that the Rules of Evidence do not apply in a sexual predator hearing. This Court affirms the judgment of the trial court because R.C. Chapter 2950 passes constitutional muster, the trial court's judgment is supported by sufficient evidence, and the Rules of Evidence do not apply in a sexual predator hearing.
 I.
On November 26, 1996, Defendant was indicted by the Lorain County Grand Jury for three counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(1), two counts of Felonious Sexual Penetration in violation of former R.C. 2907.12(A)(2), two counts of Rape in violation of R.C. 2907.02(A)(2), three counts of Rape in violation of R.C. 2907.02(A)(1)(b), and three counts of Gross Sexual Imposition in violation of R.C.2907.05(A)(4). All of these enumerated offenses involved a single victim, and occurred over a period of several years. On April 29, 1997, the grand jury issued a second indictment for five counts of Rape, in violation of R.C. 2907.02(A)(1)(b). These offenses involved a separate victim, and also occurred over a period of several years.
Pursuant to the State's motion, the two cases were consolidated. On September 15, 1997, Defendant withdrew his plea of not guilty and entered a plea of guilty to all counts in both indictments. The matter was set for a sexual predator classification hearing pursuant to R.C. 2950.09(B) on December 1, 1997. Prior to the hearing, Defendant moved to dismiss the sexual predator hearing on constitutional grounds. The trial court denied the motion, and the State proceeded to present its case.
Detective Charles Gallion of the Elyria Police Department testified regarding the offenses contained in the November 26, 1996 indictment. Detective Gallion indicated that he was the lead investigator regarding the complaint made against Defendant. He testified that through the course of his investigation he learned that the Defendant had engaged in masturbation, anal sex, and oral sex with the victim over a period of approximately three years, beginning in November 1991 and ending in 1994. Defendant was approximately twenty-three years old at the time he began sexually abusing the victim, who was fourteen years old at the time the offenses began. Detective Gallion indicated that Defendant had befriended the victim prior to committing these crimes. He also stated that Defendant had previously been convicted of Gross Sexual Imposition in February 1996. In addition, Detective Gallion testified that there was no indication that drugs or alcohol were involved in these offenses. During the course of his investigation, Detective Gallion learned that Defendant was victimizing a second young boy, and he notified Detective Joel Miller of the Lorain City Police Department.
Detective Miller testified that he was the lead investigator regarding the allegations that Defendant had been sexually molesting a second young boy he had befriended. Detective Miller's investigation formed the basis of the April 29, 1997 indictment. During the course of his investigation, Detective Miller learned that Defendant had been sexually abusing a young boy. These offenses occurred over a period of several years beginning in June 1994 and ending in June 1996. Defendant was approximately twenty-four years old at the time of these offenses, and the victim was twelve to fourteen years old during the time period these crimes occurred. Although there were no allegations of force, Detective Miller did indicate that there was evidence Defendant had made verbal threats to the victim. However, Detective Miller also stated that there was no evidence that drugs or alcohol were involved in the commission of these offenses. Finally, Detective Miller corroborated Defendant's February 1996 conviction for Gross Sexual Imposition. At the close of the State's evidence, the trial court adjudicated Defendant a sexual predator, and the case proceeded to sentencing. Defendant has timely appealed to this Court presenting three assignments of error.
 II.
First Assignment of Error
 Trial court erred to the prejudice of [Defendant] when it did not find R.C. 2950 et seq. unconstitutional under the United States Constitution and the State of Ohio Constitution.
In his first assignment of error, Defendant challenges the constitutionality of the sexual predator statute on five distinct constitutional bases. We will address each in turn.
 A. R.C. 2950 violated Article I, Section 10 of the Constitution of The [sic] United States and Article II, Section 28 of the Ohio Constitution.
Defendant first avers that R.C. Chapter 2950 is unconstitutional under the United States Constitution as anex post facto law, and under the Ohio Constitution as a retroactive law. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held that "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution." Id. at paragraph one of the syllabus. The court further held that "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution." Id. at paragraph two of the syllabus. Thus, this portion of Defendant's assignment of error is overruled.
 B. R.C. 2950.09 violated [Defendant's] right to privacy
Defendant next challenges R.C. 2950.09 as being violative of his right to privacy. This assertion also lacks merit.
In State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, this Court held that the notification requirements of R.C. 2950.09 do not impinge upon an individual's right to privacy. Id. at 15-16. Accordingly, this portion of Defendant's assignment of error is overruled.
 C. The application of R.C. 2950.09 violated [Defendant's] rights under the Fifth Amendment double jeopardy clause [sic] of the United States Constitution and Article I, section [sic] 10 of the Ohio Constitution.
Defendant next challenges R.C. 2950.09 on the basis of the Double Jeopardy Clause. This claim is without merit.
In State v. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, this Court held that because the requirements set forth in R.C. 2950.09(B) do not constitute punishment, seeState v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, there exists no claim for a violation of double jeopardy. Nuckols, supra, at 17. Therefore, this portion of Defendant's assignment of error is also overruled.
 D. The application of R.C. 2950.01 et seq. violated [Defendant's] constitutional rights under the equal protection clause [sic] of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Ohio Constitution.
Defendant also alleges that R.C. 2950.01 et seq. violate the Equal Protection Clauses of the United States and Ohio Constitutions.[1] We disagree.
In State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported, this Court addressed the issue presented in this portion of Defendant's assignment of error. We specifically held that R.C. 2950.09 does not violate the Equal Protection Clause of either the United States or Ohio Constitutions. Id. at 8. Therefore, this portion of Defendant's assignment of error is overruled.
 E. The requirements under Chapter 2950 [sic] violated the cruel and unusual punishment clause [sic] of the United States and Ohio Constitutions.
Defendant next asserts that R.C. Chapter 2950 violates the Cruel and Unusual Punishment Clauses of the United States and Ohio Constitutions. We disagree.
The Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution provide that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." InKimble, supra, this Court concluded that the sexual predator law does not constitute punishment and is regulatory, rather than punitive in nature. Id. at 10-11. Consequently, because we have previously held that the provisions of the statute do not constitute punishment, it follows that the notification provisions of the statute cannot be deemed cruel and unusual punishment. Accordingly, this portion of Defendant's first assignment of error is also overruled.
Based upon our disposition of the five issues presented in his first assignment of error, the entirety of Defendant's first assignment of error is overruled.
Second Assignment of Error
 The trial court erred to the prejudice of [Defendant] when it found [Defendant] to be a sexual predator when the State failed to show by clear and convincing evidence that [Defendant] was likely to engage in the future in one or more sexually oriented offenses.
Defendant contends that there was insufficient evidence before the trial court to establish the requisite burden of proof to be adjudicated a sexual predator. We disagree.
Pursuant to R.C. 2950.09(B), the trial court held a hearing to determine whether Defendant should be adjudicated a sexual predator. In making this determination, the judge must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2). After hearing the evidence, and considering the relevant factors, the court found by clear and convincing evidence that Defendant is a sexual predator. "The standard of clear and convincing evidence requires a 'degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.' " State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported at 3, quoting State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported at 4, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477. Clear and convincing evidence implies more than a preponderance, but not the degree of certainty needed to establish the proposition beyond a reasonable doubt. Cross, supra, at 477. In reviewing a trial court's decision based upon clear and convincing evidence, this Court must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Id. We find such evidence was present before the trial court.
The record indicates that most of the factors enumerated in R.C. 2950.09(B)(2) were established during the sexual predator hearing. Defendant was between the age of twenty-three and twenty-four when he committed these offenses. He had a prior conviction for a sexually oriented offense, and both of the victims in the instant cases were of young age, specifically, between the ages of twelve and fourteen. The sexually oriented offenses for which Defendant pled guilty did involve multiple victims, and Defendant's conduct demonstrated that a pattern of abuse had taken place over a period of several years with each victim. Finally, Detective Miller testified that Defendant made verbal threats to one of the victims. Despite the testimony before the trial court, Defendant baldly argues that "[t]here was no testimony presented that explains how the factors listed under R.C. 2950.09(B) indicate a correlation between those factors and a likelihood to reoffend." This Court finds it apparent that Defendant's prior conviction for a sexually oriented offense, combined with his assault, over a period of years, of the two young boys in the instant case is sufficient to establish by clear and convincing evidence that Defendant is likely to commit a sexually oriented offense in the future. Defendant's bold assertion to the contrary is simply an empty statement which ignores the facts presented during the hearing.
In view of the undisputed facts revealed during the sexual predator hearing, and Defendant's guilty pleas to eighteen sex offenses in the instant case, this Court cannot disturb the trial court's finding that clear and convincing evidence supported its determination that Defendant is a sexual predator. Defendant's second assignment of error is overruled.
 Third Assignment of Error The trial court erred to the prejudice of [Defendant] when it determined that the Rules of Evidence did not apply in a sexual predator hearing.
Finally, Defendant contends that the trial court erred by determining that the Rules of Evidence were inapplicable in a sexual predator hearing. We disagree.
Evid.R. 101 governs the general applicability of the Rules of Evidence, and Evid.R. 101(A) specifically states that the rules "govern proceedings in the courts of this state, subject to the exceptions stated in division (C)[.]" Evid.R. 101(C)(3) makes inapplicable the Rules of Evidence in "[p]roceedings for * * * sentencing[,] * * * and proceedings with respect to release on bail or otherwise." In State v. Cook, supra, the Ohio Supreme Court specifically held that "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings." Id. at 425. The court reasoned that the classification hearings are akin to sentencing or probation hearings, "where it is well settled that the Rules of Evidence do not strictly apply." Id. The court went on to note that such hearings do not occur until after the offender has been convicted of the underlying offense, and, therefore, the hearing is limited to a determination of a defendant's status, not his guilt or innocence. Id. Accordingly, this Court finds that the Rules of Evidence were not strictly applicable to Defendant's classification hearing pursuant to Cook and Evid.R. 101(C)(3). See, also, State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662, 16664, unreported, 1998 Ohio App. LEXIS 2744; State v. Dunn (June 17, 1998), Pickaway App. No. 97CA26, unreported, 1998 Ohio App. LEXIS 2774; State v. Warner
(Apr. 20, 1998), Butler App. No. CA97-03-064, unreported, 1998 Ohio App. LEXIS 1669.
Assuming arguendo the trial court erred by ruling that the Rules of Evidence were inapplicable, such error was harmless. During the classification hearing, Defendant objected to alleged hearsay testimony by Detective Gallion regarding what he had told Detective Miller. However, Detective Gallion's testimony was not substantive in nature, rather it merely provided the basis for why Detective Miller began his investigation. Both detectives provided testimony regarding their individual investigations, and what each had learned through the course of their own investigation. Thus, even without the testimony that Detective Gallion had informed Detective Miller of a possible second victim, the trial court had sufficient evidence before it to sustain its determination that Defendant is a sexual predator. Accordingly, Defendant's third assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the Lorain County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- EDWARD J. MAHONEY FOR THE COURT
BAIRD, P. J., CARR, J., CONCUR
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] See the Fourteenth Amendment to the United States Constitution and Section 2, Article I, Ohio Constitution. These provisions employ nearly identical standards. Sorrell v. Thevenir (1994),69 Ohio St.3d 415, 424.